FILED
U.S. District Court
District of Kansas
02/11/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

v.                                                    CASE NO. 26-3023-JWL

WENDY LEIKER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Ellsworth Correctional Facility in Ellsworth, Kansas ("ECF").

Plaintiff alleges that upon his arrival at ECF in July 2025, the Defendants "reset all [his] medical for [his] right shoulder deliberately delaying and interfering with any ortho an[d] surgery needed for [his] torn shoulder, an[d] refuse [him] all other medical needs such as dental services, and eye glasses." (Doc. 1, at 2–3.) Plaintiff alleges that when he arrived at ECF he had a chronic care visit with Defendant APRN Nikki Howell, and she stated that she saw an orthopedic consult approval and would follow up on it. *Id*. at 3. Plaintiff claims that a month later APRN Howell stated that there was no such order and Defendant HSA Wendy Leiker "went along with her." *Id*. Plaintiff alleges that the medical delay regarding his shoulder has been ongoing for four years and causes daily pain. *Id*. at 6. Plaintiff claims that he was seen again by APRN Howell and HSA Leiker in September 2025, and was told that it would take at least nine months to reschedule an ortho appointment, that there was no surgery for a torn shoulder, and that Plaintiff would have to live with it. *Id*. Plaintiff claims his shoulder has been torn since July 2022. *Id*. at 7.

Plaintiff claims that he received an eye exam in September 2025, and was told he would be scheduled to see an eye doctor. *Id*. at 3. Plaintiff claims there is a delay in receiving new glasses, his eyeglasses are ten years old, and he experiences headaches four days out of the week. *Id*. at 8.

He also claims he is being denied dental care. *Id*. at 10. Plaintiff states that from August to November 2025, he placed two sick calls regarding a cavity. *Id*. at 4. Plaintiff acknowledges that he saw a dentist and claims his cavity was verified. *Id*. Plaintiff claims Defendants denied his appointment and "reset his medical." *Id*. at 10. Plaintiff claims he has not had his teeth cleaned for ten years. *Id*.

Plaintiff has filed prior cases in this Court regarding his medical care for his shoulder. *See* Case Nos. 23-3182, 24-3159, and 24-3239. Plaintiff filed a case regarding inadequate care and treatment for his shoulder injury based on his care while housed at the El Dorado Correctional Facility ("EDCF"). *See Waterman v. Harred*, Case No. 23-3182-DDC-RES, Doc. 101, at 3 (D. Kan.). In that case, the Court found that in July 2022, Plaintiff sought treatment at the Hutchinson Correctional Facility ("HCF") for pain in his right shoulder, which he injured while lifting weights. *Id*. at 4. While at HCF, Plaintiff received an x-ray and physical therapy for his shoulder. *Id*. Plaintiff transferred to EDCF in January 2023. *Id*. Plaintiff alleged there was a delay in receiving his MRI after his transfer and his March 8 appointment was rescheduled to March 29. *Id*. Plaintiff received an MRI with the doctor providing that the results suggested tendinopathy or partial tear of the supraspinatus. *Id*. The doctor requested outpatient orthopedic care for Plaintiff. *Id*. The Court dismissed Plaintiff's claims for monetary damages against KDOC Defendants in their official capacities, denied Plaintiff's request for injunctive relief moot, and found that Plaintiff

failed to exhaust his administrative remedies for his claims. *Id*. at 8, 9, 15. Plaintiff filed a Notice of Appeal, and the case is currently pending on appeal.

In Case No. 24-3159, Plaintiff alleged that on September 13, 2024, he entered the Cherokee County Jail with a torn shoulder and it took a week to be seen by medical, and he did not see the orthopedic doctor until August 9, 2024. *Waterman v. Cherokee Cnty., Kansas, Bd. of Comm'rs*, Case No. 24-3159-JWL, Doc. 3, at 1 (D. Kan. Sept. 27, 2024). The Court denied Plaintiff leave to proceed in forma pauperis due to his three-strikes status, and dismissed the case when Plaintiff failed to pay the filing fee. *Id*. at Docs. 3, 5.

In Case No. 24-3239, Plaintiff alleged that he reinjured his shoulder at HCF and was not allowed to see a doctor or orthopedist, or to have surgery. *Waterman v. Zmuda*, Case No. 24-3239-JWL, Doc. 11, at 2 (D. Kan. June 6, 2025). The Court dismissed the case for failure to state a claim, finding that:

> The Court found in the MOSC that Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication. He prefers to see an orthopedist now, as opposed to after completion of his physical therapy sessions. He is receiving medication, but prefers different medication.
>
> Plaintiff takes issue with being required to complete his physical therapy sessions prior to seeing an orthopedist. Plaintiff has not shown that this course of treatment is the result of deliberate indifference. Plaintiff has not been denied all access to a doctor, orthopedist, or surgery. He is merely required to complete his physical therapy sessions first. Plaintiff acknowledges that he has seen the APRN and a physical therapist, and was ordered to conduct rubber band exercises and weekly physical therapy sessions for six weeks before seeing an orthopedist. Plaintiff does not indicate that a medical provider has informed him that he will not be able to see a doctor or orthopedist after he finishes his physical therapy, or that he will not be allowed to have surgery.
>
> Plaintiff has failed to show that any defendant disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk

>of serious harm existed, and also drew the inference. Plaintiff's claims suggest, at most, negligence, and are subject to dismissal.

*Id*.

Plaintiff has now filed the instant case, claiming he is receiving inadequate medical care at ECF. Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes'

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See In re Brian Michael Waterman*, Case No. 21-3049, Doc. 010110507615, at 2 (10th Cir. April 14, 2021) (finding that Waterman failed to present even a colorable claim to mandamus relief and dismissal of his petition as frivolous counts as a strike for purposes of the three-strikes provision in 28 U.S.C. § 1915(g)); *Waterman v. Crawford County Jail*, Case No. 18-3035-SAC, Doc. 28 (D. Kan. June 4, 2018) (dismissing for failure to state a claim); *Waterman v. Tippie*, Case No. 18-3295-JTM-GEB, Doc. 22 (D. Kan. July 8, 2019) (dismissing for failure to state a claim).

rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court found no showing of imminent danger in Case No. 24-3159. *See Waterman v. Cherokee Cnty., Kansas, Bd. of Comm'rs*, Case No. 24-3159-JWL, Doc. 3, at 2 (D. Kan. Sept. 27, 2024) (citing *see Shaw v. Toole*, 2015 WL 4756741, at *2–3 (S.D. Ga. 2015) (finding plaintiff failed to set forth any specific, non-conclusory allegation indicating he was suffering from imminent danger where plaintiff asserted that he continued to be denied physical therapy and that his "condition was worsening and pains"); *Hartley v. Ellis*, 2009 WL 2634208, at *4 (N.D. Fla. 2009) (finding no showing of imminent danger where "plaintiff's allegations of a self-diagnosed condition of 'severe gross nerve damage' requiring pain medication and physical therapy through recreational privileges are unsupported"); *White v. State of Colo.*, 157 F.3d 1226, 1231–32 (10th Cir. 1998) (concluding that plaintiff "failed to raise a credible allegation that he is in imminent danger of serious physical harm" where plaintiff did not specify "even the general nature of his 'serious physical injury' ").

The Court has examined the Complaint in the instant case and likewise finds no showing of imminent danger of serious physical injury. Plaintiff continues to disagree with the medical care he has been receiving for his shoulder since 2022. He also takes issue with not being provided with new eyeglasses. He acknowledges that he has seen a dentist, but claims there is a delay in scheduling because his medical was "reset" when he arrived at ECF. The imminent danger exception is for genuine emergencies, where time is pressing and there is real and proximate threat. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.

Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. Failure to respond within the prescribed time will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 11, 2026,** to submit the $405.00 filing fee. The failure to respond by the deadline will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated February 11, 2026, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.